## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMOS CHAIRS,**
**#A-90420,**

          **Plaintiff,**

v.

**WEXFORD HEALTHCARE INC,**
**DR. OBASI,**
**DR. FROST,**
**DR. SHAW, and**
**DR. WILLIAMS,**

          **Defendants.**

**Case No. 21-cv-00244-SPM**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Amos Chairs, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Chairs claims that he had been denied medical treatment for his Hepatitis C while housed at Menard Correctional Center, Stateville Correctional Center, and Lawrence Correctional Center. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Chairs alleges that during his incarceration he has received inadequate medical treatment for his Hepatitis C. (Doc. 1, p. 8). At some point during his time at Menard Correctional Center ("Menard"), from 1999 through 2011, he was diagnosed with Hepatitis C and treated by Dr. Foster and Dr. Shaw. He did not receive Hepatitis C medication from either doctor. He states that around 2010 a medication was invented to cure Hepatitis C, but because of the costs, he was not prescribed the medication.

From 2011 through 2016, Chairs was housed at Stateville Correctional Center ("Stateville"). The doctors at Stateville were Dr. Obasi and Dr. Williams. Chairs claims that his condition again went untreated by these doctors. He complained daily about pain. He still did not receive the curative medication.

Chairs was transferred back to Menard in 2016. He continued to suffer from his untreated Hepatitis C. Chairs claims his pain was worse than ever. The doctors ignored his condition.

In 2018, Chairs was transferred to Lawrence Correctional Center ("Lawrence"). While at Lawrence, Chairs was diagnosed with cancer of the liver and prostate. He is still not being treated for his Hepatitis C.

### DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment claim against Wexford Healthcare Inc., Dr. Obasi, Dr. Williams, Dr. Frost, and Dr. Shaw for denying Chairs adequate medical treatment for his Hepatitis C.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

as inadequately pled under the *Twombly*[1] pleading standard.

Chairs claims that since he was diagnosed with Hepatitis C, the doctors at various correctional facilities have failed to provide him proper treatment, including providing a medication that would "cure" his illness. Because his condition has gone untreated, he has now developed liver cancer. These allegations are sufficient for Count 1 to proceed against Dr. Obasi, Dr. Frost, Dr. Shaw, and Dr. Williams. *See Outlaw v. Ridley-Turner,* 54 F. App'x 229 (7th Cir. 2002) (assuming for the purposes of preliminary review that Hepatitis C is a serious medical condition).

Chairs also claims that Wexford's "strict policies and practices" resulted in the violation of his constitutional rights. (Doc. 1, p. 7). Chairs does not specify what policy or practice resulted in the violation of his rights, and the Court is not required to accept as true "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Rox*, 578 F. 3d 574, 581 (7th Cir. 2009). Therefore, he has not sufficiently stated a claim, and Count 1 is dismissed without prejudice as to Wexford.

Any claims against the John and Jane Doe Doctors who worked Menard from 2016 through 2018 are also dismissed. These individuals are not listed as parties in the case caption, and the Court will not treat them as defendants. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

### MOTION FOR RECRUITMENT OF COUNSEL

Chairs has filed a motion asking the Court to recruit counsel to represent him in this matter. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

applies a two part test: "(1) has the indigent[2] plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Chairs claims that he has requested assistance from his family in searching for a lawyer to take his case. He states he does not have the reading and writing skills and is too weak and sick to attempt to contact an attorney himself. Chairs asserts that he had the assistance of another inmate in drafting the Complaint, and he only has a grade school education. Given the status of his health and low level of education, the Court finds that Chairs has made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action pro se, it is clear to the Court that Chairs does not have the capabilities to prosecute this lawsuit himself. The Court presumes that the case will involve complex medical evidence, terms, and concepts, and Chairs will most likely need expert testimony in order to prove Defendants departed from accepted professional judgment in failing to treat his Hepatitis C. *See Henderson v. Ghosh,* 755 F. 3d 559, 566 (7th Cir. 2014). Additionally, Chairs's allegations span several years and three different institutions, which will make discovery difficult. As mentioned, Chairs has only a grade school level of education and is suffering from serious illnesses, Hepatitis C, liver cancer, and prostate cancer. Thus, the Court finds that the legal and factual complexities of this case exceed his physical and mental capabilities and will recruit counsel to represent him. The motion for recruitment of counsel is granted. Counsel will be recruited by separate order.

---

[2] Although Chairs is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). His prison financial statement indicates that as of February 9, 2021, he had $1,183.81 in his trust fund account. (Doc. 2, p. 4). This sum of money is simply not sufficient to pay an attorney's hourly rate to litigate a case from start to finish.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dr. Obasi, Dr. Frost, Dr. Shaw, and Dr. Williams, but is **DISMISSED without prejudice** as to Wexford Healthcare Inc. The Clerk of Court is **DIRECTED** to **TERMINATE** Wexford Healthcare Inc. as a party.

Because Chairs's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Motion for Recruitment of Counsel is **GRANTED.** (Doc. 3). Counsel will be recruited by separate order.

The Clerk of Court shall prepare for Dr. Obasi, Dr. Frost, Dr. Shaw, and Dr. Williams the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Chairs, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in

a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Chairs is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 30, 2022**

  *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.