IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMOS CHAIRS,**<br>**#A-90420,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**DR. JOHN TROST, DR. VIPIN SHAH,**<br>**LATANYA WILLIAMS, and GHALIAH**<br>**OBAISI,** *as Independent Executor of the*<br>*Estate of Saleh Obaisi,*<br><br>         **Defendants.** | Case No. 21-cv-00244-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter comes before the Court on the Motion for Leave to Amend Complaint. (Doc. 30). At this point in time, only Dr. Shah has been successfully served and filed a responsive pleading to the Complaint. (Doc. 35). No objections to the Motion for Leave to Amend have been filed.

Plaintiff Chairs, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), commenced this action pro se and is proceeding on an Eighth Amendment claim against Defendants Dr. Obaisi, Dr. Williams, Dr. Frost, and Dr. Shaw for denying him adequate medical treatment for his Hepatitis C. (Doc. 12). After conducting a preliminary review of the Complaint pursuant to 28 U.S.C. §1915A, the Court recruited counsel to represent Chairs in this matter. (Doc. 17). Court recruited counsel has filed the current motion seeking to amend in order to correct misnomers in the names of defendants as identified by Chairs in the original complaint. (Doc. 30). Counsel has included a proposed amended complaint along with the motion.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains

a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996).

Chairs's motion is timely filed and will not prejudice Defendants. Thus, the Court **GRANTS** the Motion for Leave to Amend Complaint. (Doc. 30). Chairs is **DIRECTED** to file the First Amended Complaint **INSTANTER.**

Further, for the reasons articulated in the original Merit Review Order, the Court finds that the First Amended Complaint survives preliminary review pursuant to Section 1915A. (*See* Doc. 12). The First Amended Complaint brings identical claims against Defendants but corrects the names of the Defendants and separates the counts as to each Defendant. Accordingly, Chairs will proceed with Counts 1-4 as designated in the First Amended Complaint.

The Clerk of Court is **DIRECTED** to amend the docket to reflect the correct names of Defendants Dr. John Trost ("Dr. Frost"), Dr. Vipin Shah ("Dr. Shaw"), and Latanya Williams ("Dr. Williams"). The Clerk of Court is further **DIRECTED** to serve process on Dr. John Trost, Latanya Williams, and Ghaliah Obaisi in accordance with the Court's Order at Doc. 12.

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED:**   June 2, 2022

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**