IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMOS CHAIRS, #A-90420, <br><br>        Plaintiff, <br><br>v. <br><br>DR. JOHN TROST, <br>DR. VIPIN SHAH, <br>GHALIAH OBAISI, *as Independent Executor of the Estate of Saleh Obaisi,* <br>and <br>LATANYA WILLIAMS, <br><br>        Defendants. | Case No. 21-cv-00244-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss pursuant to Federal Rule 12(b)(6) and a motion to dismiss for lack of prosecution filed by Defendants. (Doc. 44, 52). Also before the Court are motions seeking recruitment of counsel filed by Plaintiff. (Doc. 51, 55). For the following reasons, all motions are denied.

### BACKGROUND

Plaintiff Amos Chairs, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, initiated this civil rights action pro se alleging violations of his constitutional rights regarding the denial of treatment for Hepatitis C. (Doc. 1). The Court conducted a preliminary review of the Complaint pursuant to 28 U.S.C. 1915A, and Plaintiff was allowed to proceed with an Eighth Amended claim against Dr. Obaisi, Dr. Trost, Dr.

Shah, and Latanya Williams[1] for deliberate indifference to his serious medical needs. (Doc. 12). The Court also granted Plaintiff's motion for counsel and recruited Attorney Wehking to represent him in this matter. Attorney Wehking, on behalf of Plaintiff, filed an Amended Complaint, which brought identical claims against Defendants but corrected Defendants' names and separated the counts. (*See* Doc. 37, p. 2).

In response to the Complaint, Defendants filed the current motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's claims are barred by the statute of limitations. (Doc. 44). Attorney Wehking filed a motion to withdraw as counsel, and the Court held a hearing. (Doc. 46, 47). At the hearing, Attorney Wehking expressed that she was unable to respond to the motion to dismiss with a good faith argument. The Court relieved her of her assignment and granted the motion to withdraw. *See* SDIL-LR 83.11(a)(3). Plaintiff was informed that he had thirty days to present his arguments in opposition to the motion to dismiss. (Doc. 49). On September 8, 2023, Plaintiff filed a motion for appointment of counsel asking the Court to again recruit him counsel to represent him and arguing that his claims are not barred by the statute of limitations under the doctrine of continuing violation. (Doc. 51) (citing *Heard v. Sheahan,* 253 F. 3d 316 (7th Cir. 2001)).

On November 16, 2022, Defendants filed a motion to dismiss for lack of prosecution because Plaintiff had not filed a response to the motion to dismiss. (Doc. 52). Plaintiff responded stating that he had done what the Court had asked during the hearing on the motion to withdraw. (Doc. 54). Citing *Heard v. Sheahan,* Plaintiff again argues that his claims are not barred by the statute of limitations. He contends he still has not received adequate medical treatment and can reach back to the beginning of the violation even if that beginning lies outside the statutory

---

[1] The names of Defendants were correcting in the Amended Complaint. (Doc. 37, 38).

limitations period. Plaintiff then filed another motion asking the Court to recruit him counsel. (Doc. 55).

### MOTION TO DISMISS FOR LACK OF PROSECUTION

Construing Plaintiff's filings liberally, the Court will treat the motion for recruitment of counsel filed on September 8, 2022, as a motion and a response in opposition to the Rule 12(b)(6) motion to dismiss, as it contains arguments opposing the motion to dismiss in addition to seeking counsel. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Dismissing a case for failure to prosecute is a is an "extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.,* 656 F. 3d 557, 561 (7th Cir. 2011).

Here, Plaintiff filed his motion for appointment of counsel and response in opposition only two days after the response deadline set by the Court, and it is clear from his subsequent filings that Plaintiff wishes to continue prosecuting his claims. Thus, the Court does not find that the circumstances in this case warrant the extreme sanction of dismissal for failure to prosecute. The motion is **DENIED**. (Doc. 52).

### MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants argue that Plaintiff's claims are time barred by the applicable two-year statue of limitations. (Doc. 44). They state that the statute of limitations on a claim begins to run when the defendant no longer has the power to treat the plaintiff since at that point, the defendant cannot continue to violate the plaintiff's constitutional rights by denying treatment that was in the defendant's power to provide. (*Id.* at p. 3) (citing *Heard v. Sheahan,* 253 F. 3d 316, 318 (7th Cir. 2001). Additionally, any tolling of the statute of limitations for grievance purposes stops when the inmate is transferred from the facility because the inmate clearly will not receive further action to redress the claims at said facility. (*Id.* at p. 2). Therefore, Defendants contend that the statute of

limitations expired on Plaintiff's claims against Dr. Trost and Dr. Shah in 2013, two years after Plaintiff was transferred from Menard Correctional Center in 2011. Likewise, the claims against Dr. Trost and Latanya Williams, a physician's assistant, expired in 2018, two years after Plaintiff was transferred from Stateville Correctional Center to Lawrence Correctional Center in 2016. Because this lawsuit was not filed until 2021, years after the statute of limitations had lapsed, Defendants ask the Court to dismiss Plaintiff's claims with prejudice.

In response, Plaintiff argues that his claims are timely because he is alleging a continuing violation of his constitutional rights that persists. (Doc. 51) (citing *Heard,* 253 F. 3d at 319-20). Because he is suffering an ongoing injury he can reach back to its beginning even if that beginning lies outside the statutory limitations period. Plaintiff does not respond to Defendants' arguments regarding tolling of the statute of limitations while he exhausted his administrative remedies.

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); FED. R. CIV. P. 12(b)(6). The motion to dismiss will be granted if the moving party shows there are no disputed issues of material fact and "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois's applicable statute of limitations is two years. *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). Federal law, on the other hand, determines the date of accrual for calculating the two-year period. *Wilson v. Giesen*, 956

F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Id.* "Under the continuing violation theory, however, a plaintiff may obtain relief for a time-barred act when that act is linked with the acts that fall within the statutory limitations period because the claim accrues on the date of the last injury." *Smith v. Lind,* No. 14-cv-796-slc, 2016 WL 6210688, at *4 (W.D. Wis. Oct. 24, 2016) (citing *Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010)).

Finally, there are tolling requirements the Court must consider. The Seventh Circuit has stated that federal courts must toll the statute of limitations period while an inmate is exhausting his administrative grievances. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley,* 230 F. App'x 598, 599 (7th Cir. 2007).

Here, the statute of limitations on Plaintiff's claims against the individual Defendants began to run when he was transferred to a new facility, and the Defendants no longer had "the power to do something about his condition." *Heard,* 253 F. 3d at 318. *See also Ajaj v. Roal,* No. 14-cv-01245-JPG, 2020 WL 3428023, at *4 (S.D. Ill. June 23, 2020) (finding that the plaintiff's claims accrued when he was transferred from USP Marion, "not when he was eventually treated for his medical conditions elsewhere). Although Plaintiff asserts a continuing violation and that he is still not being provided proper medical treatment at his current facility, his claims in this case are only against medical providers at previous institutions. Under Section 1983, "[l]iability is defendant-specific." Thus, Defendants cannot be held responsible for the conduct the medical staff at Lawrence, where he is currently housed. His claim against Defendants accrued "at the latest on the last day he was in their care." *McNeal v. Byrant,* No. 18-cv-1469-MJR, 2018 WL 4362579, at *2 (S.D. Ill. Sept. 13, 2018). According to the Complaint, that was sometime in 2011 for Defendants Trost and Shah, and in 2016 for Defendants Obaisi and Williams.

The Court must also account for tolling of the statute of limitations while Plaintiff attempted to exhaust his grievances. Contrary to Defendants' assertions, transfer within the Illinois Department of Corrections does not automatically impact an inmate's ability to use the administrative process.[2] *See Flournoy v. Schomig,* 152 F. App'x 535, 538 (7th Cir. 2005). During the applicable time frames at issue in this case, the Illinois Administrative Code provided that an inmate is to grieve issues that "pertain to a facility other than the facility where the offender is currently assigned" directly to the Administrative Review Board. 20 ILL. ADMIN. CODE § 504.870 (2011, 2012, 2016).[3]

The Amended Complaint does not address Plaintiff's attempts or lack thereof to exhaust his administrative remedies. Neither have Defendants provide a "properly supported explanation as to when the tolling period" started and ended. *Harris v. Larson,* No. 15-cv-252-NJR-DGW, 2016 WL 5118640, at *4 (S.D. Ill. Sept. 21, 2016) (citing *Gomez v. Randle,* 680 F. 3d 859, 864 (7th Cir. 2012)). *See also Merritt v. Miner,* No. 15-cv-536-GCS, 2020 WL 1139271, at *3 (S.D. Ill. Mar. 9, 2020); *Harmon v. Jordan,* No. 12-cv-21-MJR-SCW, 2013 WL 4410995, at *3 (S.D. Ill. Aug. 15, 2013) ("tolling of a prisoner's statute of limitations is a well-established legal principle that should be accounted for every time an institutional defendant raises a statute of limitations defense"). Because the Court cannot hold that Plaintiff's claims are "indisputable time-barred," the motion to dismiss is **DENIED**. *See Small v. Chao,* 398 F. 3d 894, 898 (7th Cir. 2005) (citations omitted). While the statute of limitations defense may still have merit, "the appropriate time to raise the argument regarding the statute of limitations is after discovery and in conjunction with a motion for summary judgment on the merits of the case." *Id.*

---

[2] Defendants cite to district court cases where the plaintiff was transferred from a county jail to another facility. (Doc. 44, p. 2) (citing *Balderas v. Hale,* No. 20-cv-516-RJD, 2021 WL 961712 (S.D. Ill. Mar. 15, 2021); *Merritte v. Lasalle Cty. Sherriff's Office,* No. 14 C 7058, 2015 WL 8986857 (N.D. Ill. Dec. 16, 2015)).

[3] Changes to Section 504.870(a) to exclude grievance issues pertaining to medical care did not occur until April 1, 2017. *See* 20 ILL. ADMIN. CODE § 504.870 (2017).

#### MOTIONS FOR RECRUITMENT OF COUNSEL

After the Court allowed court recruited counsel to withdraw, Plaintiff filed two motions asking the Court to assign another attorney to represent him in this matter. (Doc. 51, 55). He states he has extremely poor health that prohibits him from prosecuting his claims pro se. Plaintiff is suffering from liver cancer, has a bad heart, uses a wheelchair because he has bad discs in his back and neck, and his kidneys are failing.

The Court will not recruit counsel at this time. When considering whether to recruit counsel, the Court may consider "the potential and relative merit of a particular plaintiff's claim." *Watts v. Kidman,* 42 F. 4th 755, 763 (7th Cir. 2022). The Seventh Circuit has instructed courts to "be careful stewards of the limited resource of volunteer lawyers—particularly in districts where the demand for pro bono services far outpaces the supply of law firms or solo practitioners with the resources to deploy aid." *Id.* (citations omitted). Although the Court previously recruited counsel to represent Plaintiff, the motion to dismiss has raised questions regarding whether he is likely to succeed on his claims given the age of his allegations. Furthermore, the Court finds that he is capable of representing himself at these early stages. Plaintiff's most recent filings show that he can perform legal research and communicate with the Court, despite his ongoing health issues. The next step in the case is to determine whether Plaintiff properly exhausted his administrative remedies, which is usually a straight-forward argument that does not require the need for counsel or extensive legal research. For these reasons, the motions for court recruited counsel are **DENIED.** (Doc. 51, 55).

In light of this Order, the motion to compel a ruling on the motions for counsel is **DENIED as moot.** (Doc. 56).

#### DISPOSITION

For the reasons stated above, the motion to dismiss pursuant to Federal Rule 12(b)(6) and

motion to dismiss for lack of prosecution filed by Defendants are **DENIED without prejudice.** (Doc. 44, 52). Defendants have 14 days to file answers to the Amended Complaint. *See* FED. R. CIV. P. 12(a)(4)(A).

The motions for appointment of counsel filed by Plaintiff are **DENIED without prejudice.** (Doc. 51, 55). The motion to compel ruling filed by Plaintiff is **DENIED as moot.** (Doc. 56).

**IT IS SO ORDERED.**

DATED:   February 13, 2023

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**